IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| GENERAL PRODUCE CO., LTD., | Civil No. 10-3047-CL |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| PHOENIX FARMERS MARKET, LLC;<br>and MARTHA M. FORREST, | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff General Produce Company brings this action under the Perishable Agricultural Commodities Act, seeking segregation of assets by defendants, an accounting, payment of trust proceeds, declaratory and injunctive relief, and attorney's fees and costs. This court has jurisdiction pursuant to 7 U.S.C. § 499e(c)(5) and 28 U.S.C. § 1331. Plaintiff served defendants with a "Ten Day Intent to Take Default" (#5) and an order of default as to both defendants was entered on October 28, 2010 (#10). Plaintiff has filed a motion for default judgment (#11). For the reasons explained, plaintiff's motion for default judgment should be granted and default judgment entered as requested.

REPORT AND RECOMMENDATION - Page 1

## LEGAL STANDARDS

The decision to grant or deny a motion for default judgment is within the discretion of the court. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Factors which may be considered in exercising discretion as to the entry of default judgment include: (1) the possibility of prejudice to plaintiff if relief is denied; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72. Default judgments are ordinarily disfavored, and cases should be decided on the merits whenever possible. Id. at 1472.

Upon entry of default, plaintiff's well-pleaded allegations of fact relating to liability, except allegations relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); see Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (necessary facts not contained in pleadings and legally insufficient claims not established by default). The facts established are conclusive upon entry of judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). A defaulted defendant may contest the amount of damages, but not the issue of liability. Thomson v. Wooster, 114 U.S. 104 (1885); Nishimatsu Constr. Co., 515 F.2d at 1206.

REPORT AND RECOMMENDATION - Page 2

## DISCUSSION

The Perishable Agricultural Commodities Act (PACA) was enacted in 1930 to prevent unfair business practices and promote financial responsibility in the fresh fruit and produce industry. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997). PACA provides in pertinent part that:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefits of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transaction has been received by such unpaid suppliers, sellers, or agents. . . .

7 U.S.C. § 499e(c)(2). The trust is established by operation of law, id.; 7 C.F.R. § 46.46, and a supplier / seller who gives proper notice preserves its interest in the PACA trust res, 7 U.S.C. § 499e(c)(3)(4); Sunkist Growers, 104 F.3d at 282. Notice may be given by the supplier / seller by written notice of intent of preserve the benefits of the trust, 7 U.S.C. § 499e(c)(3), or by including information required by statute in its billing or invoice statements, 7 U.S.C. § 499e(c)(4). An individual shareholder, officer, or director who is in a position to control PACA trust assets will be personally liable for a breach of the fiduciary duty to preserve PACA trust assets. Sunkist Growers, 104 F.3d at 282-83 (and authorities cited). A valid contractual claim for attorneys' fees and prejudgment interest is within the scope of a PACA trust claim and, absent a contractual right, prejudgment interest may be awarded in the court's discretion "if such an award is necessary to protect the interests of PACA claimants." Middle Mountain Land & Prod Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222-26 (9th Cir. 2002).

REPORT AND RECOMMENDATION - Page 3

Upon entry of default of defendants, it was established that: plaintiff sold to defendant Phoenix Farmers Market (PFM) at its request perishable agricultural commodities; defendant agreed to make payments for the commodities which was confirmed in writing; plaintiff delivered and defendant duly accepted the commodities; defendants PFM and Forrest have failed to pay for the commodities despite repeated demands; and defendant Forrest is responsible for maintenance or reimbursement of the PACA trust as a responsible party controlling PACA assets or as a recipient of PACA assets with actual or constructive notice of the PACA trust.

In support of judgment, plaintiff offers the declaration of its credit manager, Clifford J. Rubens, who declares that from March 18, 2004 through September 28, 2007, plaintiff sold to defendant PFM various wholesale lots of perishable agricultural commodities; with each shipment sent to PFM, plaintiff sent shipping invoices detailing the good shipped and the cost of those goods (Ex. A) and regular monthly invoices detailing accruing finance charges on all post due amounts (Ex. B). Written notice of intent of plaintiff to claim and preserve trust benefits was given on the face of each and every one of its invoices, and the invoices included a statement that a buyer was responsible for payment of finance charges at the rate of one and one-half percent (1.5%) per month (or eighteen (18%) per annum) on all past due accounts, and a statement that a buyer was responsible for all collection costs and attorney fees should legal action be required (Exs. A & B). Mr. Rubens declares that, as of the date of the last payment, April 3, 2009, after all payments and credits, the outstanding balance due plaintiff is $28,213.86

REPORT AND RECOMMENDATION - Page 4

which includes the cost of the commodities of $9,150.06 and finance charges and "NSF" check fees of $19,063.80.

A review of plaintiff's shipping invoices and monthly invoices shows that plaintiff included on the face of its invoices the requisite statutory language giving notice of intent to preserve its claim to trust benefits, 7 U.S.C. § 499e(c)(4), plaintiff included a statement that a finance charge of 1-1/2% (annual 18%) would be charged on all past due accounts, and a statement that, "In the event legal action is taken to collect a past due account the buyer agrees to pay all collection and or attorney's fees," 7 U.S.C. § 499e(c)(2). (Rubens Decl. ¶¶ 6-7 & Exs. A & B.) Plaintiff shows that $28,213.86 is due from PFM and is unpaid. (Rubens Decl. ¶ 8 & Exs. A & B.)

**Conclusion**

As requested by plaintiff and supported by the record, plaintiff should be granted judgment against defendant Phoenix Farmers Market and defendant Forrest, jointly and severally, in the amount of $28,213.86; prejudgment interest at the rate of eighteen percent (18%) per annum; plaintiff's costs and reasonable attorneys' fees; and a declaration that defendants have violated PACA.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's motion for default judgment (#11) be granted; and that judgment be entered in the amount of $28,213.86, plus prejudgment interest at the rate of eighteen percent (18%) per annum, interest calculated from the date of entry of judgment pursuant to 28 U.S.C. § 1961, and declaring that defendants have violated the

Perishable Agricultural Commodities Act, and awarding plaintiff costs and reasonable attorneys' fees.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by January 31, 2011. If objections are filed, any response to the objections are due by February 17, 2011,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 13 day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE