FILED'11 APR 8 11:24USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GENERAL PRODUCE CO., LTD.,                           Civil No. 10-3047-CL

    Plaintiff,                                    REPORT AND RECOMMENDATION

v.

PHOENIX FARMERS MARKET, LLC;
and MARTHA M. FORREST,

    Defendants.

CLARKE, Magistrate Judge:

On March 21, 2011, this court entered default judgment in favor of plaintiff General Produce Co., Ltd., in the amount of $28,213.86, plus prejudgment interest, and declaring that defendants Phoenix farmers Market, LLC and Martha M. Forrest have violated the Perishable Agricultural Commodities Act, and awarding plaintiff its costs and reasonable attorneys' fees (#22). Before the court is plaintiff's motion to allow attorney fees (#19) as allowed by the court's Report and Recommendation and subsequent Order.[1] For the reasons explained,

---

[1] Although defendants are in default, plaintiff served its motion for attorney fees upon defendant Martha M. Forrest, individually and as registered agent for defendant Phoenix Farmers Market, LLC, at an Ashland, Oregon, address.

REPORT AND RECOMMENDATION - Page 1

plaintiff's motion should be granted.

## LEGAL STANDARDS

Generally, the starting point for determining a reasonable attorney's fee is the "lodestar" figure, which is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1993); see Comm'r of Internal Rev. v. Banks, 543 U.S. 426, 438 (2005) ("In the federal system statutory fees are typically awarded by the court under the lodestar approach."); Harper v. Coldwell Banker Barbara Sue Seal Props., No. 06-CV-1457-HU, 2007 WL 1101255, at *2 (D. Or. April 10, 2007) (lodestar used to calculate reasonable attorney fees award under 28 U.S.C. § 1447(c) after matter remanded to state court). The lodestar figure presumptively represents a reasonable attorney's fee. Gates, 987 F.2d at 1397. In "rare" cases, upward or downward adjustments may be made to the lodestar figure for factors which are not deemed subsumed in the initial calculation. Id. at 1402 & n.5 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)).

Reasonable time spent in preparing a fee petition is generally recoverable. See McGrath v. County of Nevada, 67 F.3d 248, 253 (9th Cir. 1995); Frevach Land Co. v. Multnomah County, No. CV-99-1295-HU, 2001 WL 34039133, at *17 (D. Or. Dec. 18, 2001).

The court must review the petition for attorney fees for reasonableness, even if no objection has been raised as to the number of hours billed or the hourly rate used. Gates, 987 F.2d. at 1401. Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied. Dry Creek Landfill, Inc. v. Waste Solutions

Group, Inc., No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007). Block billing can be grounds for denying a time entry. Oberdorfer v. Glickman, No. CV-98-1588-HU, 2001 WL 34045732, at *4-*5 (D. Or. Sept. 14, 2001). The district court has "considerable discretion" in determining the reasonableness of a fee award. Webb v. Ada County, 195 F.3d 524, 526 (9th Cir. 1999).

## DISCUSSION

Plaintiff seeks an award of its attorney fees in the amount of $2,242.50.

The court finds plaintiff's counsel's requested hourly rates of $225 an hour for Mr. Slayton and $150 an hour for Mr. Moore to be reasonable for the community in light of their experience and the type of work performed. Plaintiff also requests fees for time spent by two paralegals at $50 an hour. The court has reviewed the hours expended by counsel and legal staff and finds they are reasonable in the circumstances as shown in the record.

Multiplying the number of hours reasonably expended in achieving default of defendants and default judgment in favor of plaintiff multiplied by the reasonable hourly rates results in a lodestar of $2,242.50, which is a presumptively reasonable attorney's fee.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's motion to allow attorney fees (#19) following the grant of default judgment be granted and that $2,242.50 in attorney's fees be awarded plaintiff.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

REPORT AND RECOMMENDATION - Page 3

Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. <u>Objections to this Report and Recommendation, if any, are due by April 26, 2011. If objections are filed, any response to the objections are due by May 13, 2011</u>, see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 8 day of April 2011

_____
UNITED STATES MAGISTRATE JUDGE